1  GEORGE G. WEICKHARDT (SBN 58586)
   CHRISTOPHER W. VINCENT (SBN 227021)
2  WENDY C. KROG (SBN 257010)
   ROPERS, MAJESKI, KOHN & BENTLEY, PC
3  75 Broadway, Suite 202
   San Francisco, CA 94111
4  Telephone:  (415) 543-4800
   Facsimile:  (415) 972-6301
5  Email:      gweickhardt@rmkb.com
               cvincent@rmkb.com
6              wkrog@rmkb.com

7  Attorneys for Defendant
   CHASE BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LORI RUIZ, | CASE NO. CV 13-01508 |
|---|---|
| Plaintiff, | NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| v. | |
| CHASE BANK USA, NATIONAL ASSOCIATION an FDIC insured corporation and DOES 1 through 100 inclusive, | |
| Defendants. | |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS HEREIN:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Chase Bank USA, N.A. ("Chase"), erroneously sued herein as "Chase Bank USA, National Association an FDIC insured corporation," hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Santa Clara to the United States District Court for the Northern District of California, based on the following facts:

1. On or about February 13, 2013, Plaintiff Lori Ruiz ("Plaintiff") filed an action in the Superior Court of California for the County of Santa Clara, entitled *Lori Ruiz v. Chase Bank USA, National Association an FDIC insured corporation, et al.*, case number 113CV241031 (the

"Action"). A copy of the original summons and complaint, the only papers filed in the Action, is attached hereto as Exhibit A.

2. The complaint in the Action alleges "violations of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Act, California Civil Code §1785.25(a), and California Business and Professions Code 17200." Complaint, ¶ 1, at 2:8-11.

3. **JURISDICTION**. This Action is a case over which the Court has original jurisdiction under 28 U.S.C. section 1331, and is one that may be removed to this Court by Chase pursuant to the provisions of 28 U.S.C. section 1441(a) in that Plaintiff alleges a claim under the Federal Fair Credit Reporting Act in her first cause of action.

4. Plaintiff alleges violations of the Federal Fair Credit Reporting Act in several paragraphs of her complaint, including the following:

   a. Paragraph 1: "Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ...";

   b. Paragraph 20: "The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).";

   c. Paragraph 28: "Plaintiff is informed that Creditor separately violated Section 1681s-2(b) by failing to report to all three CRA's that the account information was in dispute."; and

   d. Paragraph 29: "Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o)."

5. The Action is therefore specifically alleged to be a case that arises under federal law within the meaning of 28 U.S.C. section 1331.

6. **INTRADISTRICT ASSIGNMENT**. Plaintiff alleges in paragraph three of the complaint that she "resides in the county of Santa Clara, California." Based on that allegation, assignment of this Action to the San Jose Division is appropriate pursuant to Local Rule 3-2(d).

7. Chase was served with a copy of the complaint by mail on March 11, 2013, and 30 days from that date have not yet elapsed. This notice of removal is being filed within 30 days after service of a copy of the initial pleading setting forth the claim for relief upon which the

Action or proceeding is based.

8.  Chase has standing to remove this case to Federal Court even though it is not properly named in the complaint. *See Cartwright v. Thomas Jefferson Univ. Hosp.*, 99 F. Supp. 2d 550, 553 (E.D. Pa. 2000).

9.  For the reasons stated above, Chase hereby removes the above-entitled action.

Dated: April 4, 2013

ROPERS, MAJESKI, KOHN & BENTLEY, PC

By: _____
GEORGE G. WEICKHARDT
CHRISTOPHER W. VINCENT
WENDY C. KROG
Attorneys for Defendant
CHASE BANK USA, N.A.

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Chase Bank USA, National Association an FDIC insured corporation and DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Lori Ruiz



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2013 FEB 13 A 10: 58

David H. Yamasaki, Chief of the Superior Court
County of Santa Clara, California
By _____ Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara

191 North First Street
San Jose, CA 95113

**CASE NUMBER:** *(Número del Caso):* 113CV241031

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Elliot Gale, 333 West San Carlos Street, Suite 620 San Jose, CA 95110, 1-408-279-2288

DATE: February 7, 2013      Clerk, by _____, Deputy
(Fecha)   FEB 13 2013        (Secretario)                   (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Bank of America, National Association

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SCOTT J. SAGARIA (BAR # 217981)
SJSagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
Egale@sagarialaw.com
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 620
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

(ENDORSED)
FILED
2013 FEB 13  A 10: 58

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

LORI RUIZ,

             Plaintiff,

     v.

CHASE BANK USA, NATIONAL ASSOCIATION an FDIC insured corporation and DOES 1 through 100 inclusive,

             Defendants.

CASE NO.: 113CV241031

COMPLAINT FOR DAMAGES:

1. Violation of Fair Credit Reporting Act;
2. Violation of California Consumer Credit Reporting Agencies Act;
3. Violation of California Unfair Business Practices Act

COMES NOW Plaintiff LORI RUIZ, an individual, based on information and belief, to allege as follows:

COMPLAINT - 1

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of a prepetition debt discharged in bankruptcy. In particular, Defendants' conduct involves inaccurately reporting Plaintiff's account as "charged off" to the credit reporting agencies ("CRA's") Experian, Equifax, and Transunion after receiving notice of Plaintiff's bankruptcy discharge. In addition, Defendant failed to report the debt as disputed to the CRA's. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Lori Ruiz (hereinafter "Plaintiff"), is an individual and currently resides in the county of Santa Clara, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant Chase Bank USA, National Association (hereinafter "Creditor") is located at 200 White Clay Center Drive, Newark DE 19711. Creditor collects debts on its own behalf throughout the state of California.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things

herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint and all proceedings to set forth the same, pursuant to California Code of Civil Procedure 474.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of Defendant is, and at all relevant times herein was, the agent, employee, and alter ego of each of the remaining Co-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees, or alter egos and with the permission and consent of the remaining Co-Defendants.

## PRE-LITIGATION CLAIM FILINGS

10. On or about May 10, 2012 Plaintiff sent a written notice to Experian, Transunion, and Equifax disputing the accuracy of the "charge off" notation reported on Plaintiff's discharged credit account. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, all three CRA's notified Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, Creditor continued reporting the status of the account as "charged off" while also failing to report that Plaintiff disputed the account information.

## GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On October 5, 2011 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.

13. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed on Schedule F in favor of Creditor in the amount of $6,739.00.

14. On January 24, 2012 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727. Creditor was noticed by electronic transmission of Plaintiff's discharge on January 25, 2012. Since Plaintiff never re-affirmed Creditor's debt during bankruptcy, Plaintiff alleges that this Discharge included the pre-petition debt owed to Creditor.

15. On April 11, 2012 Plaintiff pulled credit reports from Experian, Equifax, and Transunion to ensure accurate reporting. The reports indicates that Creditor reported a "charge off" notation on Plaintiff's credit account to all three CRA's after entry of the discharge order.

16. Plaintiff alleges the information was misleading and inaccurate. Plaintiff alleges the "charge off" notation was inaccurate because it suggests that the account Defendant still has the ability to enforce the debt personally against Plaintiff. Plaintiff alleges that the "charge off" notation was also inaccurate because it violates the industry standard for credit reporting under the Metro 2 Format. Plaintiff alleges that upon entry of the discharge order, Defendant instead should have reported a "no data" notation in the payment history section of Plaintiff's credit reports.

17. On or about May 10, 2012 Plaintiff sent a letter to the CRA's Experian, Transunion, and Equifax requesting a formal, full, and complete investigation of Creditor's account with Plaintiff. Specifically, Plaintiff disputed the accuracy of the "charge off" notation Creditor reported on the account after entry of the discharge order. Plaintiff alleges all three CRA's sent notice of Plaintiff's dispute to Creditor.

18. On or about February 1, 2013 Plaintiff received subsequent credit reports from Equifax, Experian, and Transunion. Plaintiff alleges the reports indicate Creditor continued reporting the inaccurate "charge off" notation while also failing to report that Plaintiff disputed the account information.

19. To date, Creditor still refuses to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting from Experian, Equifax, and Transunion.

20. The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

21. The actions of Creditors as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

22. The actions of Creditors as alleged herein are acts in violation of the California Business and Professions Code § 17200.

## FIRST CAUSE OF ACTION
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendant Creditor and Does 1-100)

23. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

24. Creditor, in the course of regular business, reports information to credit reporting agencies.

25. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian, Transunion, and Equifax. All three CRA's sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute pursuant to Section 1681s-2(b).

26. Plaintiff is informed that Creditor's investigation of Plaintiff's dispute with the CRA's was unreasonable. More specifically, Creditor should have discovered from its records, including two notices from the bankruptcy noticing center, disputes, and the Credit Reporting Resource Guide that a "charge off" notation reported on an account after entry of a bankruptcy discharge order is inaccurate.

27. Plaintiff alleges that Creditor should have discovered the inaccuracies and corrected its past misreporting to all three CRA's pursuant to 15 U.S.C. § 1681s-2(b)(1)(E).

28. Plaintiff is informed that Creditor separately violated Section 1681s-2(b) by failing to report to all three CRA's that the account information was in dispute.

29. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

30. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's

counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

31. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

32. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

33. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

34. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

35. Creditor intentionally and knowingly reported inaccurate and false information. Plaintiff alleges that Creditor reported an inaccurate "charge off" notation to Experian, Equifax, and Transunion after entry of the discharge order. Plaintiff alleges Creditor's actions violated California Civil Code § 1785.25(a).

36. Creditor had reason to know reporting the "charge off" notation to all three CRA's was inaccurate. Plaintiff alleges that the disputes and the credit reporting resource guide provided Creditor with notice of its inaccurate reporting.

37. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

38. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

39. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

40. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

41. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

42. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

43. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

44. Plaintiff brings this action in individual capacity and on behalf of the general public.

45. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

46. Commencing on or about May 10, 2012 and continuing to the present, Creditor committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

47. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore constitute unlawful practices within the meaning of Business and Professions Code § 17200.

48. These unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

49. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b. Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

    d. Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;

    e. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

    f. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

    g. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: February 7, 2013

SAGARIA LAW, P.C.

By: _____
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| SCOTT J. SAGARIA (BAR # 217981)<br>ELLIOT W. GALE (#263326)<br>SAGARIA LAW, P.C.<br>333 West San Carlos Street, Suite 1750 San Jose, CA 95110<br>TELEPHONE NO.: 408-279-2288   FAX NO.: 408-279-2299<br>ATTORNEY FOR (Name): Lori Ruiz | (ENDORSED)<br>FILED<br>2013 FEB 13  A 10: 58<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By _____<br>L Talampas<br>Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose 95113<br>BRANCH NAME: Civil | |
| CASE NAME:<br>Lori Ruiz v. Chase Bank USA, National Association | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 113CV241031<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | | |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | Real Property<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | |
| Non-PI/PD/WD (Other) Tort | | Enforcement of Judgment |
| [✓] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | Unlawful Detainer<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Enforcement of judgment (20)<br>Miscellaneous Civil Complaint<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>Miscellaneous Civil Petition<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |
| Employment<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 7, 2013

Elliot Gale
_____     ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: 1 1 3 C V 2 4 1 0 3 1

**PLEASE READ THIS ENTIRE FORM**

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

| Your Case Management Judge is: Honorable Peter Kirwan | Department: 8 |
|---|---|

The 1st CMC is scheduled for: (Completed by Clerk of Court)
    Date: 6-11-13    Time: 3:00 PM   in Department: 8

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
    Date: _____    Time: _____   in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties-to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    < The action is for personal injury, property damage, or breach of contract
    < Only monetary damages are sought
    < Witness testimony, under oath, needs to be evaluated
    < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
    < The parties have complex facts to review
    < The case involves multiple parties and problems
    < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 6/08

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name ) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Corporation Trust Company<br>Agent Chase Bank USA, N.A.<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE 19801 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☑ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7012 2210 0000 2460 5925 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |

Sagaria Law, P.C.
333 West San Carlos Street
Suite 1750
San Jose, CA 95110



7012 2210 0000 2460 5925



