UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI RUIZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>CHASE BANK USA, NATIONAL ASSOCIATION,<br><br>        Defendant. | Case No.: 13-cv-01508-YGR<br><br>**ORDER REGARDING DISCOVERY DISPUTE OVER LOCATION OF DEPOSITION OF DEFENDANT'S 30(b)(6) WITNESS** |

The parties have filed a joint letter brief concerning a dispute over the location of the deposition of Defendant's 30(b)(6) witness. (Dkt. No. 18.) Plaintiff noticed the deposition to occur in San Jose, California at the offices of Plaintiff's counsel. Plaintiff acknowledges that "[t]ypically, the corporation will be deposed at its principal place of business." However, she argues that this Court is not bound by that rule and may designate a different location where, as here, counsel for both parties are located in the Northern District, there are "likely" to be discovery disputes during the deposition, only one deposition of a corporate representative is sought, and Defendant would suffer no financial hardship in having a representative travel to California.

Defendant objects to the venue of the deposition because it has no knowledgeable witnesses in California. Rather, Defendant has its principal offices in the State of Delaware, and argues it is entitled to have the deposition in that location. However, Defendant notes that it does have a knowledgeable witness in Elgin, Illinois (near Chicago) and would be amenable to holding the deposition there. Finally, Defendant asks this Court to order that the deposition at issue occur on days consecutive to Rule 30(b)(6) depositions in two other cases in the Northern District of California—neither of which are formally related to this action nor assigned to the undersigned.

As both parties recognize, there is a presumption that the deposition of a corporate designee should take place at the corporation's principal place of business. *Fausto v. Credigy Servs. Corp.*,

251 F.R.D. 427, 429 (N.D. Cal. 2008).  The presumption can be overcome depending on such factors as: (1) the location of counsel in the forum district, (2) the number of representatives a party seeks to depose, (3) the likelihood of significant discovery disputes, (4) whether the parties to be deposed often engage in travel for business purposes, and (5) the equities with regard to the nature of the claim and the parties' relationship.  *See Mahroom v. Best Western Intern., Inc.,* No. C07–02351 HRL, 2007 WL 2701325, at *1 n.3 (N.D. Cal. Sept. 13, 2007) (citing Moore's Federal Practice, 3d. § 30.20).  District courts have wide discretion to establish the time and place of depositions.  *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir. 1994).

The Court finds that Plaintiff has not made a sufficient showing such that this Court should deviate from the general rule regarding the location of depositions for corporate designees.  Accordingly, the Court **ORDERS** that the deposition of Defendant's 30(b)(6) witness occur at its principal place of business in Delaware.  However, in light of Defendant's offer to hold the deposition in Illinois, which Plaintiff may prefer over Delaware, the Court will also permit that the deposition occur there if the parties so stipulate.  In addition, the Court **DENIES** Defendant's request that the deposition occur on consecutive days with depositions in other actions.

Moreover, the Court notes that Fed. R. Civ. P. 30(b)(4) provides that "[t]he parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means."  If Plaintiff finds it more cost-effective to take the deposition via video, she may seek a stipulation from Defendant or apply to the Court for such an order.

This Order terminates Dkt. No. 18.

**IT IS SO ORDERED.**

Dated: October 29, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE